### C. R. RICH AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2823.   Promulgated April 13, 1927.

The evidence herein establishes that the petitioner wilfully filed false and fraudulent returns for the years 1917 and 1918, with intent to evade the tax.

*C. R. Rich* pro se.
*John D. Foley, Esq.,* for the respondent.

This proceeding is for the redetermination of deficiencies in income taxes for the years 1917, 1918, and 1919, in amounts of $912.52,

$1,961.20, and $193.26, respectively. The respondent has also asserted a fraud penalty for each year.

## FINDINGS OF FACT.

The petitioner, C. R. Rich, is an individual residing at Lovelady, Tex. During the years 1917 to 1919, inclusive, he was a married man and was engaged in the merchandise business at Lovelady, and also bought and sold cotton. He filed joint income-tax returns for himself and wife for each of the years named. The respondent, upon audit of the returns, taxed C. R. Rich and his wife on the community property basis.

Subsequent to the filing by the petitioner, C. R. Rich, of his income-tax returns for the years 1917, 1918, and 1919, the respondent caused the petitioner's books of account to be examined several times by a revenue agent, and his returns to be audited. The examinations and audit disclosed that the petitioner's income for each of the years 1917, 1918, and 1919, was understated in his returns and that additional tax was due in the amounts hereinabove set forth.

The petitioner's closing cotton inventory, for the year 1917 was understated by about $14,000, and it was corrected accordingly by the revenue agent. During the course of the examinations by the revenue agent, the petitioner caused one item showing the sale of 200 bales of cotton in 1917, to be changed to 300 bales. The effect of this change was to reduce the petitioner's closing cotton inventory for the year 1917, thereby increasing the cost of cotton sold and reducing tax liability. The petitioner in his income-tax return for the year 1918 reported no income from the sale of cotton. His profit from the sale of cotton in that year was in fact $18,124.75. The fact that this profit did not appear on the petitioner's books and was not reflected in his income-tax return, was largely due to the fact that the petitioner omitted from his books sales of cotton in the amount of $37,170.30. When the omission of these sales and the change of 200 bales to 300 bales on his books were called to the petitioner's attention by the revenue agent, the petitioner asked the revenue agent to let him off as easy as possible.

The petitioner at the hearing of this appeal admitted that the additional taxes involved herein are due, but denied that his returns for the years 1917, 1918, and 1919, were fraudulently made with intent to evade the tax.

## OPINION.

MARQUETTE: We are of the opinion, upon consideration of the evidence herein, that the respondent's assertion of the fraud penalty for each of the years 1917 and 1918 should be sustained. The record

is clear to the effect that the petitioner's income for those years was understated in his return, and he admitted at the hearing that additional taxes are due for each of the years 1917, 1918, and 1919, in the amounts determined by the respondent. The petitioner's closing cotton inventory for 1917 was understated by the amount of $14,000 and it appears that when the understatement was discovered by the revenue agent the petitioner changed an item on his books—which change would have the effect of reducing the inventory and making it appear not to have been understated. The petitioner also omitted to enter on his books and to include in his income-tax return for 1918, sales of cotton amounting to more than $37,000, and when this omission of sales and the changed item on his books were called to his attention by the revenue agent, the petitioner asked that he be let off as easy as possible. The petitioner denied at the hearing that his returns were intentionally understated, but produced no competent evidence to show that the irregularities established by the respondent were other than the result of his own wilful efforts to reduce his tax liability. Upon the record we believe that the petitioner wilfully filed false and fraudulent income-tax returns for the years 1917 and 1918, with intent to evade the tax, and we affirm the action of the respondent as to those years. We find no evidence of any fraud in the petitioner's return for the year 1919, and we hold that the fraud penalty should not be asserted for that year.

*Judgment will be entered on 15 days' notice, under Rule 50.*